IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

DANIEL LOREN JENKINS,

        Plaintiff,

   v.

ELLEN F. ROSENBLUM,

        Defendant.

Case No. 2:23-cv-00626-YY

ORDER

HERNÁNDEZ, Judge

    Plaintiff, an adult in custody at the Two Rivers Correctional Institution, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court is Plaintiff's Motion for Temporary Restraining Order (ECF No. 30). For the reasons that follow, the Court DENIES Plaintiff's motion.

## BACKGROUND

    Plaintiff's Amended Complaint seeks a declaratory judgment stating that the Oregon Post-Conviction Relief Act, Or. Rev. Stat. § 138.510 *et seq.*, is an inadequate state remedy for Plaintiff and all other similarly situated individuals for the vindication of their right to effective assistance of counsel under the Sixth Amendment and their due process rights under the Fourteenth Amendment. In his Motion for Temporary Restraining Order, Plaintiff seeks an order prohibiting the Oregon Department of Corrections ("ODOC") from enforcing its legal library policy prohibiting Plaintiff from preparing typed letters to prospective counsel, and prohibiting the electronic storage of these letters.

1 - ORDER

**DISCUSSION**

The standard for a temporary restraining order is "essentially identical" to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co. Inc. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Daritech, Inc. v. Ward*, No. CV-11-570-BR, 2011 WL 2150137, at *1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for temporary restraining order). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

A plaintiff seeking preliminary injunctive relief or a temporary restraining order must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted fully." *Id.* (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see also Saddiq v. Ryan*, 703 F.App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner plaintiff did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint); *Hansen v Parkhurst*, No. ED CV 16-00459-VBF-DTB, 2016 WL 4136830, at *4 (C.D. Cal. July

29, 2016) (court cannot grant injunctive relief, even on a temporary basis, where the preliminary injunctive relief sought is "not of the same character" as the relief ultimately sought in his complaint) (citations omitted).

The claim underlying Plaintiff's instant motion for temporary restraining order is vastly different from the claims underlying his First Amended Complaint. The preparation and storage of correspondence with counsel or prospective counsel in this action do not implicate the adequacy of the Oregon Post-Conviction Relief Act. Moreover, the sole Defendant in this action is Oregon Attorney General Ellen Rosenblum, who is not involved in the implementation of rules regarding law library usage at Plaintiff's place of incarceration, and to the extent Plaintiff 's motion may be construed as seeking injunctive relief against individuals who are not parties to this action, such relief is not available here. *See* Fed. R. Civ. P. 65(d) (an injunction is binding only on the parties to the action, their officers, agents, servants, employees, and attorneys); *see also Dillingham v. Johnson*, 2016 WL 304762, at *13 (N.D. Cal. Jan. 26, 2016) (where plaintiff sought preliminary injunctive relief requiring action by prison officials at the prison where plaintiff was currently housed, and those officials were not parties to the action and the underlying claims in the complaint had nothing to do with the conditions of plaintiff's confinement, preliminary injunctive relief could not be granted). Accordingly, the Court lacks the authority to grant the temporary restraining order sought by Plaintiff.

3 - ORDER

## CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 30) is DENIED.

DATED this  6  day of March, 2024.

_____
Marco A. Hernández
United States District Judge

4 - ORDER