UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

DANIEL LOREN JENKINS,

        Plaintiff,

    v.

ELLEN F. ROSENBLUM,

        Defendant.

Case No. 2:23-cv-00626-YY

ORDER

      Plaintiff Daniel Jenkins brings this civil rights action under 42 U.S.C. § 1983. The case arises out of plaintiff's 1999 conviction in Multnomah County Circuit Court. Am. Compl. 2, ECF 20. Plaintiff's original conviction was overturned on appeal; he was re-tried and again convicted in 2005. *Id.* After exhausting the direct appeal of his conviction, plaintiff sought post-conviction relief in state court, and that litigation ended in 2015. *See id.* 2–3; Def. Mot. Dismiss 2, ECF 32. Following that, plaintiff brought a habeas proceeding in this court. Am. Compl. 3, ECF 20; *see also Jenkins v. Myrick*, No. 2:16-cv-00247-YY. The court denied plaintiff's habeas petition in 2022, the Ninth Circuit affirmed that ruling in July of 2024, and the Supreme Court denied plaintiff' petition for writ of certiorari in November of 2024. *See Myrick*, No. 2:16-cv-00247-YY, ECF 122, 133, 137.

1 – ORDER

In this case, plaintiff brings a single claim against Oregon's then-serving Attorney General[1] in her official capacity, seeking a declaration that

> [T]he Oregon Post-Conviction Act, ORS 138.510 et seq., is an inadequate state remedy for plaintiff and all other similarly situated individuals for the vindication of the their 6th Amendment . . . right to effective assistance of counsel, and their 14th Amendment . . . right to due process of law and equal protection under the law.

Am. Compl. 5, ECF 20. There are a number of currently pending motions. Defendant's motion to dismiss (ECF 32) asserts that plaintiff's claim is time-barred by the two-year statute of limitations applicable to section 1983 claims, and that plaintiff's claims otherwise fail as a matter of law for a number of reasons. Mot. Dismiss 5–8, ECF 32. Also pending is plaintiff's second, third, and fourth motions for leave to amend (ECF 45, 55, 63), whereby plaintiff seeks to add a request for nominal damages, Mot. File Amended (Second) Prisoner Compl. 2, ECF 45, add a reference to the Declaratory Judgment Act, 28 U.S.C. § 2201, Mot. File Amended (Third) Prisoner Compl. 3, ECF 55, and add a claim against the Attorney General in her individual capacity and add defendants Peenesh Shah and James M. Aaron, who are Assistant Attorney Generals involved in various aspects of plaintiff's previous litigation. Mot. File Fourth Amended Prisoner Compl. 3–4, ECF 63. Plaintiff's motion to certify a question to the Oregon Supreme Court (ECF 69), as well as plaintiff's "Offer of Proof" (ECF 60) and a motion to resubmit an offer of proof (ECF 61), are also pending.

The controlling issue here is the statute of limitations and thus the analysis begins, and ends, there. Section 1983 does not contain a specific statute of limitations; federal courts instead

---

[1] Dan Rayfield is Oregon's current Attorney General. The parties' briefing was completed before Rayfield took office and thus does not reflect this change. *See* Fed. R. Civ. P. 25(d) (providing for automatic substitution for successor of person sued in an official capacity who is no longer in office).

2 – ORDER

"apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation and internal quotation marks omitted). Accordingly, Oregon's two-year statute of limitations for personal injury actions, O.R.S. 12.110(1), applies to section 1983 claims. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). The Supreme Court recently clarified that the statute of limitations for a section 1983 claim challenging the constitutionality of a state's post-conviction relief procedure "beg[ins] to run when the state litigation ended[.]" *Reed v. Goertz*, 598 U.S. 230, 236 (2023). Here, plaintiff's state post-conviction relief litigation ended when the Oregon Supreme Court denied plaintiff's request for review and the Oregon Court of Appeals entered the appellate judgment on November 24, 2015. Def. Mot. Dismiss, Ex. 5 at 1, ECF 32. Plaintiff's current complaint was filed in April of 2023, well outside the two-year statute of limitations period applicable to plaintiff's claim. *See* Compl., ECF 1.

      Plaintiff cites several Oregon cases that he asserts stand for the proposition that an action for declaratory judgment is subject to a ten-year statute of limitations under O.R.S. 12.140. Pl. Ans. Mot. Dismiss 6–9, ECF 44 (citing *Doyle v. City of Medford*, 271 Or. App. 458, 464 (2015); *Puri v. Khalsa*, 788 F. App'x 563, 564 (9th Cir. 2019)). Those cases, however, do not address section 1983 claims alleging that state officials violated a plaintiff's constitutional rights. *See* Am. Compl. 5, ECF 210 ("[T]he Oregon Post-Conviction Act, ORS 138.510 et seq., is an inadequate state remedy for plaintiff and all other similarly situated individuals for the vindication of the their 6th Amendment . . . right to effective assistance of counsel, and their 14th Amendment . . . right to due process of law and equal protection under the law."). As described above, it is well-established that such claims are subject to a two-year statute of limitations.

3 – ORDER

*Moradi v. ReconTrust Co., NA*, No. 3:19-cv-01590-JR, 2020 WL 4187771, at *4 (D. Or. June 30, 2020), *report and recommendation adopted,* No. 3:19-cv-1590-JR, 2020 WL 4059703 (D. Or. July 20, 2020), *aff'd sub nom. Moradi v. ReconTrust Co., N.A.*, 845 F. App'x 678 (9th Cir. 2021) ("[D]eclaratory judgment claims are subject to the statute of limitations that applies to the underlying claim.") (quotation marks omitted); *Moore v. Thurnau*, No. 2:21-cv-00483-YY, 2024 WL 5340463, at *2 (D. Or. Oct. 3, 2024), *report and recommendation adopted sub nom. Moore v. Cain*, No. 2:21-cv-00483-YY, 2025 WL 239093 (D. Or. Jan. 17, 2025) ("The statute of limitations for section 1983 claims is two years.") (citing *Roe v. City of Portland*, No. 3:22-cv-01193-SB, 2024 WL 3888705, at *3 (D. Or. Aug. 19, 2024)).

None of plaintiff's proposed amendments to the complaint change the fact that his claims are time-barred by the two-year statute of limitations. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (explaining that a court "may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment"). Thus, the court orders as follows: defendant's Motion to Dismiss (ECF 32) is granted; plaintiff's motions to amend the complaint (ECF 45, 55, 63) are denied and all other pending motions are denied as moot. This case is dismissed with prejudice and judgment will be entered for defendant.

IT IS SO ORDERED.

DATED March 24, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

4 – ORDER